**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **TJ SUTTON ENTERPRISES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cv-0043** |
| | ) | |
| **TRAVELERS CASUALTY AND SURETY** | ) | |
| **COMPANY OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

**BEFORE THE COURT** is the motion of Defendant, Travelers Casualty and Surety Company of America (Travelers), to stay or, in the alternative, to transfer venue, filed on April 7, 2022 (ECF No. 138) (Motion or Mot.). Plaintiff Smart Freight Funding, LLC ("Smart Freight"), filed a response to the request for stay and an opposition to the request for transfer (ECF No. 142). Plaintiff TJ Sutton Enterprises, LLC (TJ Sutton), filed an opposition to the motion (ECF No. 143). Defendant filed a combined reply to Plaintiffs' responses (ECF No. 144). For the reasons stated below, the Court will grant the motion to stay.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

After Hurricanes Irma and Maria caused extensive damage to homes and buildings in the U.S. Virgin Islands in September 2017, the Virgin Islands Housing Finance Authority (VIHFA) contracted with prime contractor, AECOM Caribe, LLP (AECOM), to perform construction and repairs as part of the STEP [Sheltering Temporary Essential Power] Program. First Amended Complaint (ECF No. 48) (Am. Compl.) at ¶ 11. AECOM entered into a Master Subcontract with Citadel Recovery Services, LLC (Citadel), as a sub-prime contractor as part of the STEP program. *Id.* at ¶ 10. Citadel in turn, subcontracted for some of the construction and repair services with TJ Sutton. *Id.* at ¶¶ 9 and 13. TJ Sutton alleges that Citadel secured a Payment Bond from Travelers in the amount of $10,000,000.00 and that said Plaintiff has a right to file suit against the Payment Bond. *Id.* at ¶¶ 15-26.

TJ Sutton lists nine properties for which it alleges it provided labor and materials. *Id.* at ¶ 19. TJ Sutton claims that Citadel has refused to pay said Plaintiff despite its demands. *Id.*

*TJ Sutton Enterprises, LLC, et al. v. Travelers Casualty and Surety Co.*
Case No. 3:20-cv-0043
Order
Page 2 of 5

at ¶ 20. TJ Sutton also claims that Travelers has "improperly" denied its claim on the Payment Bond. *Id.* at ¶ 29. Smart Freight was joined as an indispensable party plaintiff (*see* ECF Nos. 28 and 31) because TJ Sutton assigned some of its accounts receivables from Citadel to Smart Freight. ECF Nos. 28 and 31 and Am. Compl. at ¶¶ 30-35.

TJ Sutton commenced this action for breach of contract and breach of covenant of good faith and fair dealing in the Virgin Islands Superior Court on February 12, 2020. *See* ECF 1-1. Travelers removed it to this Court on May 22, 2020. ECF No. 1. Other cases related to and arising out of the subcontract at issue here also have been filed, including, *Citadel Recovery Services, LLC v. T.J. Sutton Enterprises, LLC, et al.*, Case No. 19-cv-0012271 (E.D. La.); *Citadel v. T.J. Sutton Enterprises, LLC, et al.*, Case No. 2:22-cv-00914 Section G/4 (E.D. La.); *Cotto et al. v. TJ Sutton Enterprises, LLC., et al.*, Case No. 3:21-cv-00016 (D.V.I.); *TJ Sutton Enterprises, LLC et al. v. Citadel Recovery Services, LLC*, Case No. 3:22-cv-00022 (D.V.I.); and *Cotto et al. v. Citadel Recovery Services, LLC*, Case No. 3:22-cv-00052.

The 2019 Louisiana case has been voluntarily dismissed on December 14, 2021. *See* 2:19-cv-0012271 (E.D. La.), ECF Nos. 49-50. The case filed by Citadel in 2022 in the Eastern District of Louisiana is an interpleader case, where Citadel has deposited monies at issue under the subcontract with TJ Sutton into the court registry until the court determines which party is entitled to what sums. In that case, Citadel also alleges that TJ Sutton breached the subcontract, which, if such claims are decided in Citadel's favor, would impact any amounts claimed by TJ Sutton in this case and its case filed against Citadel with this Court in 2022. That interpleader suit remains pending in Louisiana, with the court recently entering an amended scheduling order. *See* 2:22-cv-00914 (E.D. La.), ECF Nos. 1, 6-7, and 37.

The first *Cotto* case was removed from the Virgin Islands Superior Court to this Court and involves multiple plaintiffs making wage claims against TJ Sutton and an alleged subcontractor for labor and services provided under the subcontract at issue in this matter. *See* Case No. 3:21-cv-00016 (D.V.I.), ECF No. 1. That case was referred to arbitration, which remains ongoing. *Id.* at ECF Nos. 69, 120, and 123. The case against Citadel filed in this Court in 2022 involves TJ Sutton's claims against Citadel for the same amounts TJ Sutton claims against Travelers in the current matter at bar. *See* Case No. 3:22-cv-0022 (D.V.I.), ECF No. 1.

Citadel filed a motion to transfer venue to the Easter District of Louisiana in that case which remains pending. The second *Cotto* case, a *qui tam* action brought by the same plaintiffs in the first *Cotto* case as Relators under the Virgin Islands False Claims Act originally filed in the Superior Court of the Virgin Islands and removed to this Court, recently was remanded by the Court to the Superior Court of the Virgin Islands for lack of subject matter jurisdiction. *See* 3:22-cv-0052 (D.V.I.), ECF No. 26.

## II. LEGAL STANDARD

Travelers seeks two alternate forms of relief in its motion: staying of the instant matter pending resolution of the interpleader case and transferring the case to the Eastern District of Louisiana where the interpleader action is pending. Mot. at 2. Because the relief of transferring this matter is requested in the alternative to the motion to stay, and the Court finds that a stay is warranted, the Court need not address the alternative motion to transfer.

Motions for stay are within the discretion of the Court. "A United States district court has broad power to stay proceedings" as part of its obligation to manage its docket in an efficient manner. *Bechtel Corp. v. Laborer's Int'l Union*, 544 F. 2d 1207, 1215 (3d Cir. 1976). Accordingly, "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Id.* Relevant factors courts consider in determining the propriety of a stay include "principles of comity, the adequacy of relief available in the alternative forum, promotion of judicial efficiency, the identity of the parties and issues in the two actions, the likelihood of prompt disposition in the alternative forum, the convenience of the parties, counsel, and witnesses and the possibility of prejudice of the stay is granted." *Balfour v. Gutstein*, 547 F. Supp. 147, 148 (E.D. Pa. 1982) (citing *Nigro v. Blumberg*, 373 F. Supp. 1206 (E.D. Pa. 1974)). These factors, however, are rarely weighed by an appellate court because "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket " *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Thus, a district court's decision to stay a matter on its docket is reviewed only for an abuse of the district court's sound discretion. *See Bechtel Corp.*, 544 F. 2d at 1215 (holding

that "the possibility" of relief in an alternate forum resolving the issues before the court "is sufficient justification to warrant the stay.").

### III. DISCUSSION

Plaintiff TJ Sutton does not oppose what it calls a "temporary" stay of this matter. ECF No. 143 at 6.[1] Plaintiff Smart Freight specifically states that it has no objection to a stay of this matter and acknowledges that a stay would promote judicial economy. ECF No. 142 at 5.[2] Further, the Court finds that a stay is warranted.

The interpleader action filed by Citadel currently pending in the United States District Court for the Eastern District of Louisiana involves most, if not all, of TJ Sutton's claims, and by way of assignment, Smart Freight's claims, asserted here against Travelers and the Payment Bond in this case. It is highly likely that resolution of the interpleader case will resolve those claims and either render this action moot or, at the very least, narrow any issues that might remain in this action. *See* Memorandum in Support of Motion to Stay or in the Alternative to Transfer Action (ECF No. 139) (Mem.) at 9. As Travelers asserts, "[u]nless this matter is stayed, the Louisiana Interpleader Suit and this instant action will be performing identical tasks of evaluating payment claims for work performed on the Project. Unfortunately, this creates a dueling litigation possibility . . . ." Mem. at 6. Moreover, because Citadel's countervailing claims and possible claims of other identified subcontractors of TJ Sutton asserted in the interpleader action are not currently before this Court, not staying this case would "create[] a scenario in which two different courts are performing the same analysis but could issue differing orders that will have a monetary impact on the parties." *Id.* at 8. In addition, the monies at issue already have been deposited into the registry of the United States District Court for the Eastern District of Louisiana, awaiting immediate distribution after that court's ruling in the interpleader action. *See* 2:22-cv-00914 (E.D. La.),

---

[1] TJ Sutton opposes the motion on the basis of Travelers' noncompliance with Local Rule 7.1(f) and Fed. R. Evid. 408. ECF No. 143 at 5. The Court accepts Travelers' reason for failing to include the LRCi 7.1(f) representation and agrees with Travelers that the exhibit attached to its motion does not fall within the scope of Fed. R. Evid. 408(a). ECF No. 144 at 2-4.

[2] The Court recently dismissed Smart Freight as a plaintiff in this matter on November 16, 2022, as a result of Smart Freight assigning all of its rights and interest in the matters concerning this case to TJ Sutton. *See* ECF No. 152.

ECF Nos. 6-7. Finally, the Court agrees with Travelers' contention that no party hereto will be prejudiced by an imposition of a stay in this matter. *See* Mot. at 8-9. Thus, the Court finds that the foregoing considerations, particularly judicial economy, weigh in favor of stay.

## IV. CONCLUSION

Because the Court finds that a stay is warranted and that the non-moving parties have no substantive opposition to a stay, the Court will stay all litigation in the above-captioned matter until the Citadel interpleader action, *Citadel v. T.J. Sutton Enterprises, LLC, et al*., Case No. 2:22-cv-00914 (E.D. La.), has been resolved.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Stay, (ECF No. 138), is **GRANTED**; it is further

**ORDERED** that all proceedings in the above-captioned matter are **STAYED** until resolution of the case *Citadel v. T.J. Sutton Enterprises, LLC, et al*., Case No. 2:22-cv-00914 Section G/4 (E.D. La.), or until further order of the Court; it is further

**ORDERED** that Plaintiff TJ Sutton Enterprises, LLC, shall file a Notice with the Court commencing on December 1, 2022, and every 60 days thereafter, informing the Court of the status of the litigation in the interpleader action pending in Louisiana.

**Dated:** November 17, 2022

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**